UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH EUGENE WILLIAMS,

    Plaintiff,

v.                                                                                        CASE NO. 3:10-cv-00235-J-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

**ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). For the reasons stated herein, the administrative decision is due to be **REVERSED and REMANDED**.

    **I.**    **Issues on Appeal and Summary of Decision**

There are three issues on appeal: (1) whether the Administrative Law Judge ("ALJ") failed to consider the opinion of an examining doctor, Dr. Raul Zelaya; (2) whether the ALJ erred in assessing Plaintiff's credibility regarding his complaints of pain; and (3) whether the ALJ's finding that Plaintiff's use of a foot stool would not interfere with his performance of certain jobs was supported by substantial evidence.

The Court reverses on all three issues. First, the ALJ did not adequately

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 6 & 7.)

address the opinion of Dr. Zelaya. Second, because Dr. Zelaya's opinion should have been considered in assessing Plaintiff's complaints of pain, reversal is required on the second issue as well. Finally, the testimony of the Vocational Expert ("VE") was too equivocal to support the ALJ's finding regarding use of the foot stool. Thus, reversal and remand is required.

## II.    Procedural History and Summary of the ALJ's Decision

On March 22, 2006, Plaintiff protectively filed applications for a Period of Disability, DIB, and SSI, alleging he became disabled on September 10, 2002. (Tr. 121-30, 146-50.) The Social Security Administration ("SSA") denied his applications initially and upon reconsideration. (Tr. 55-73.) Plaintiff then requested and received a hearing before the ALJ on January 23, 2008, at which time Plaintiff requested a postponement so that he could obtain a representative. (Tr. 20-30, 74-80.) The postponement was granted and the rescheduled hearing occurred on June 25, 2008, during which Plaintiff was represented by his current attorney. (Tr. 31-53, 96-99, 106-09.) At the hearing, Plaintiff amended his disability onset date to August 21, 2004. (Tr. 34.) Plaintiff and Mark Capps, a VE, appeared and testified at the hearing. (Tr. 31, 35-52.) Plaintiff had been examined just prior to the hearing, on June 19, 2008, by Dr. Zelaya. (Tr. 287-300.)

On July 16, 2008, the ALJ issued his decision, finding Plaintiff not disabled and denying his claim. (Tr. 11-19.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 10, 2002, which the ALJ

described as the onset date, although the onset date had been amended to August 21, 2004.  (Tr. 13, 34.)  At step two, the ALJ determined that Plaintiff had "the following severe impairments: disorders of the ankle and morbid obesity." (Tr. 13.)  At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 14.)

The ALJ then determined the Plaintiff had the residual functional capacity ("RFC") to perform sedentary work:

> except [Plaintiff] requires a sit/stand option and must avoid ladders and unprotected heights; avoid the operation of heavy moving machinery; can occasionally, [sic] bend, crouch, kneel, stoop, squat or crawl; needs to avoid the operation of foot controls and when seated, he needs to have his foot elevated 15 inches from the ground.

(*Id.*)

At step four, the ALJ determined that Plaintiff was unable to perform any of his past relevant work. (Tr. 17.)  At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform.  (*Id*.)  In addition, the ALJ found that based upon the VE's testimony, Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 18.)  Thus, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from September 10, 2002 through the date of the decision.  (Tr. 19.)

3

Following the ALJ's decision, Plaintiff filed a request for Review by the Appeals Council, which was denied on February 26, 2010. (Tr. 1-3, 6-7.) Accordingly, the ALJ's July 16, 2008 decision is the final decision of the Commissioner. On March 17, 2010, Plaintiff timely filed his Complaint in this Court. (Doc. 1.)

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[2]

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)

---

[2] The law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *see also McCruter v. Bowen*, 791 F.2d 1544, 1545 n.2 (11th Cir. 1986).

(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla, *i.e.,* evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) ("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'").

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam).  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### IV. Analysis

#### A. The Opinion of Dr. Zelaya

The law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 2011 WL 198372, *2 (11th Cir. Jan. 24, 2011). As the Eleventh Circuit recently reiterated in *Winschel*, "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). Moreover, the *Winschel* court reiterated that a court may not merely presume that if the ALJ does not discuss a medical opinion, the opinion must have been given little or no weight. *See id.* If the Court makes such a presumption, it in effect abdicates its responsibility "to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Id.* (quoting *Cowart*, 662 F.2d at 735).

In this case, although the ALJ recognized Dr. Zelaya's consultative examination, and reiterated some of Dr. Zelaya's findings, he never addressed the weight he was giving Dr. Zelaya's opinions. (Tr. 15-16.) That failure is critical because Dr. Zelaya had examined Plaintiff only six days prior to the hearing, and gave him greater restrictions than those imposed by the ALJ. (Tr. 287-99.) For example, Dr. Zelaya limited Plaintiff's standing, at one time and cumulatively in an eight-hour work day, to thirty minutes. (Tr. 295.) He similarly limited Plaintiff's walking to fifteen minutes. (*Id.*) He also indicated that Plaintiff could never kneel, crouch, or crawl. (Tr. 297.)

6

Therefore, reversal and remand is required on this ground. As stated in *Winschel*: "On remand, the ALJ must explicitly consider and explain the weight accorded to the medical opinion evidence." 2011 WL 198372, at *2.

### B.  The ALJ's Credibility Finding

Because the ALJ failed to adequately address Dr. Zelaya's opinion, the Court must reverse on this issue as well. As stated in SSR 96-7p: "When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." Because the ALJ did not "consider the entire case record" in that he failed to consider the opinion of Dr. Zelaya, on remand, the ALJ must consider Dr. Zelaya's opinion in assessing Plaintiff's credibility regarding his complaints of pain.

### C.  VE's Testimony Regarding Foot Stool

Finally, Plaintiff argues that the VE's testimony regarding Plaintiff's use of a foot stool is too equivocal to support the ALJ'S finding "that the use of a 15 [inch] foot stool [will] not interfere with the performance of the jobs [of surveillance system monitor, table worker, and addresser]." (Tr. 18.) The Court agrees.

Under the substantial evidence standard, this Court must affirm the ALJ's factual findings so long as a reasonable person would accept the evidence "as adequate to support the conclusion." *Foote*, 67 F.3d at 1560. The VE's testimony in this case does not meet this standard because it was too equivocal. For example, the VE testified:

7

>   Q    So it's not 100 percent these jobs can be -- it would, there's other factors that would have to be considered?
>   A    I think you'd have to individualize it to, . . . from a generic average, whatever that would be, person to an individual that may have some flexibility or movement issues, even at 15 inches it would be, it would be debatable.

(Tr. 49.)

Regarding whether Plaintiff's performance of the relevant jobs would be feasible with a foot stool, the VE stated "that would be something that would have to be looked at." (*Id.*; *see also id.* ("So it's, it's debatable."); Tr. 51 (stating that "making sure that it's not a problem for you to have that footstool, that's again, an unknown"); Tr. 52 ("And I can't absolutely say for certain that every employer would allow you to use a footstool in every position.")). Finally, the VE testified:

>   Q    And then, just a summary, you said, and you can't be sure that this job could actually be performed with the use of a footstool just with that information alone? You would need more information, the work tryout?
>   A    Not every employer, every job, I can't, I can't be sure as far as the allowance by the employer and as far as just each individual being able to do it, I can't be absolutely sure just based on body type.[3]

(Tr. 52.)

### V.    Conclusion

For all the reasons discussed in this Order, the ALJ's decision is not supported by substantial evidence. Therefore, this case must be remanded.

---

[3] Regarding body type, Plaintiff testified at the hearing that he was six feet tall and weighed three hundred and fifty pounds. (Tr. 35.)

8

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision **and REMANDING** with instructions to the ALJ: (a) to explicitly consider and explain the weight accorded to the medical opinion evidence of Dr. Zelaya; (b) in assessing Plaintiff's credibility and complaints of pain, to consider the entire case record, including but not limited to the opinions of Dr. Zelaya, and otherwise properly apply the Eleventh Circuit's "pain standard"; (c) to obtain additional vocational testimony regarding the impact of the use of a foot stool on Plaintiff's ability to perform relevant jobs; (d) if appropriate, to reevaluate Plaintiff's RFC assessment and to determine what types of work if any, Plaintiff can perform; and (e) to conduct any further proceedings deemed appropriate.

2. The Clerk of Court is further directed to close the file.

3. Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall have thirty (30) days from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees, to file such a petition for attorney's fees. This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access

to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on February 22, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record